## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-4306 PA (DSRx) | Date | June 3, 2026 |
| Title | Frank Murphy v. Brenntag Pacific, Inc. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| Kamilla Sali-Suleyman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS — COURT ORDER

Before the Court is a Motion to Remand filed by plaintiff Frank Murphy ("Plaintiff") (Docket No. 10). Plaintiff seeks remand of this action following Brenntag Pacific, LLC's filing of a Notice of Removal. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for June 15, 2026, has been vacated, and the matter taken off calendar.

Brenntag Pacific, LLC's Notice of Removal alleges that it was erroneously sued as Brenntag Pacific, Inc. According to the Notice of Removal, Brenntag Pacific, Inc., which had been Plaintiff's employer prior to his termination on August 15, 2024, converted to a limited liability company on December 31, 2025. Brenntag Pacific, Inc.'s conversion to Brenntag Pacific, LLC occurred prior to Plaintiff's commencement of this action on March 20, 2026, or the filing of Brentag Pacific, LLC's Notice of Removal on April 22, 2026. The Notice of Removal alleges that this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, the removing defendant must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; see also Academy of Country

| | | |
|---|---|---|
| CV-90 (10/08) | **CIVIL MINUTES - GENERAL** | Page 1 of 3 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-4306 PA (DSRx) | Date | June 3, 2026 |
|---|---|---|---|
| Title | Frank Murphy v. Brenntag Pacific, Inc. | | |

Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the place they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).  The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

Plaintiff's Motion to Remand challenges the Notice of Removal's invocation of the Court's diversity jurisdiction.  Specifically, Plaintiff asserts that the Notice of Removal's allegations concerning the conversion of Brenntag Pacific, Inc. into Brenntag Pacific, LLC are insufficient to establish that Brenntag Pacific, Inc.'s diversity jurisdiction-defeating California citizenship should not be considered, that the evidence supporting Brenntag Pacific, LLC's citizenship, supplied by a paralegal, is not adequate to establish that it is diverse from Plaintiff, that Brenntag Pacific, LLC's reorganization and the Dutch citizenship of its members should be disregarded because Brenntag Pacific, LLC has manipulated its citizenship to avoid litigating this matter in California's state courts, documents filed with the California Secretary of State and in other litigation call into question the reorganization and citizenship of Brenntag Pacific, LLC, and the Notice of Removal did not adequately establish that the amount in controversy exceeds the jurisdictional minimum.

In cases removed to federal court, diversity jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected."  Strotek Corp. v. Air Transport Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002).  The Ninth Circuit has explained that a "notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements."  Academy of Country Music, 991 F.3d at 1068 (quoting Arias v. Residence Inn by Marriott, 936 F.3d 920, 922 (9th Cir. 2019)).  "'[A] district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied.'"  Id. (quoting Arias, 936 F.3d at 924); see also Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."); McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189, 56 S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-4306 PA (DSRx) | Date | June 3, 2026 |
|---|---|---|---|
| Title | Frank Murphy v. Brenntag Pacific, Inc. | | |

Ct. 780, 785, 80 L. Ed. 1135 (1936) (explaining that if the jurisdictional facts of the party asserting jurisdiction are challenged, the burden falls on the party asserting federal jurisdiction to provide competent proof by a preponderance); Gaus, 980 F.2d at 567. "'[W]hen a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Arias, 936 F.3d at 925 (quoting Dart Cherokee, 547 U.S. at 88, 135 S. Ct. at 554, 190 L. Ed. 2d 495).

Although Plaintiff has filed evidentiary objections to the Declarations of Celeste Felker, a paralegal employed by Brenntag North America LLC, which Ms. Felker describes as the sole parent and member of Brenntag Pacific, LLC, most of Plaintiff's evidentiary objections are not well-taken. The Court concludes, at least on this record and at this stage of the proceedings, that the preponderance of the admissible evidence establishes that both at the time Plaintiff commenced this action on March 20, 2026, and when Brenntag Pacific, LLC filed its Notice of Removal on April 22, 2026, Brenntag Pacific, Inc. had converted to Brenntag Pacific, LLC. That conversion occurred on December 31, 2025. As a result of the conversion of Brenntag Pacific, Inc., into Brenntag Pacific, LLC, the citizenship of Brenntag Pacific, LLC is determined by the citizenship of its members. The preponderance of the evidence supports the conclusion that the sole member of Brenntag Pacific, LLC is Brenntag North America LLC, and that the two members of Brenntag North America LLC are Dutch entities Brenntag (Holding) B.V. and H.C.I. Chemicals Nederland B.V. As a result, the preponderance of the evidence at this stage of the proceedings supports the conclusion that Brenntag Pacific, LLC is treated as a citizen of the Netherlands for purposes of diversity jurisdiction. Plaintiff does not dispute that he is a citizen of California. Although "courts must be alert to the possibility of jurisdictional manipulation," the Court concludes that it is exceedingly unlikely that Brenntag Pacific, LLC's member reorganized the corporate form and structure of both Plaintiff's former employer and other affiliated entities in anticipation of creating diversity jurisdiction for this action. 3123 SMB LLC v. Horn, 880 F.3d 461, 470 (9th Cir. 2018); see also Hertz Corp. v. Friend, 559 U.S. 77, 97, 130 S. Ct. 1181, 1195, 175 L. Ed. 2d 1029 (2010). As a result, the Court concludes that the preponderance of the evidence supports the conclusion that the parties are diverse. The Court also concludes that the preponderance of the evidence supports the conclusion that the amount in controversy exceeds $75,000.00.

For all of the foregoing reasons, the Court concludes that it possesses diversity jurisdiction over this matter and that none of Plaintiff's proffered reasons for remand are sufficient. The Court therefore denies the Motion to Remand.

IT IS SO ORDERED.